J. E. MAY, Appellee, v. STACY F. HAYNIE et al., Appellants.

No. 40659.

APRIL 10, 1931.

George H. Mayne, and Genung & Genung, for appellants.

J. J. Ferguson, for appellee.

FAVILLE, C. J.—On March 1, 1924, the appellants entered into a written contract with one Owens whereby the appellants agreed to convey to said Owens a certain 40-acre tract of land for the consideration of $800. $25 was paid at the time of the execution of the contract and the balance was to be paid at the office of one Arnd in various installments on the first day of November, January, and March, until the total price, with interest, had been paid. The appellants agreed by said contract to convey said premises by a deed of general warranty and to furnish an abstract showing merchantable title to be delivered with the deed. Subsequently, on or about November 27, 1924, said Owens assigned said contract to the appellee and the appellants gave written consent to said assignment. The appellee went into possession of said described premises and made improvements thereon and made certain of the payments due under said contract. On one or two occasions the appellee defaulted in making payments as the same became due, and notice of forfeiture was served upon the appellee, who in each instance, with-

in the thirty-day period provided by statute, made the payments
that were then past due and thus avoided forfeiture of the con-
tract. Appellee made a payment under the contract on March
1, 1926, and neglected to make payments that were due on said
contract thereafter prior to December 19, 1927. On said last-
named date the appellants served notice of forfeiture upon the
appellee by reason of the default in payment of the installments
then past due, and for failure to pay the taxes on said premises
for the year 1926 as required by the contract. Thereupon, on
January 7, 1928, the appellee deposited with the said Arnd at
the place of payment the sum of $500.03, being the total balance
due on the principal of said contract, to wit, $447.43, $50.26
interest, and $2.34 taxes. Notice of said deposit was given ap-
pellants. On January 17, 1928, the appellants deposited a deed
with the said Arnd, purporting to describe the real estate in
question by metes and bounds. On March 12, 1928, the appellee
notified appellants that they had failed to tender a deed in com-
pliance with the contract and had not furnished an abstract
showing the record title in the appellants. The appellee stated
that he had withdrawn the money previously deposited with
said Arnd, but that upon compliance by appellants with the
contract the same would be paid to them. Nothing further ap-
pears to have been done in connection with said matter until
this suit was begun on November 14, 1929. In his petition in
said action the appellee made tender of the said sum, and prayed
specific performance of the contract. For answer the appellants
filed a general denial, admitted the execution of the contract
in question, and by way of affirmative plea set up the fact that
appellee was in default on payments due under said contract
on December 19, 1927, and that on said date the appellants
served on appellee notice of intention to forfeit said contract,
and that the payments set out in said notice were not made with-
in thirty days after service of said notice, and that by reason
thereof the contract had been forfeited. The appellee by reply
alleges that appellants, by executing and delivering the deed
referred to, had acquiesced in and accepted the said payment
by the appellee as a completion and fulfillment on his part of
the contract, and had thereby waived any claim to forfeiture
under said notice and are estopped to claim or assert such right
of forfeiture. On December 9, 1929, the appellee paid into the

hands of the clerk of the court the sum of $509.68 for the use of appellants as a completion of the payments under said contract. Upon the trial of the case the appellants produced tax receipts showing payment by them of two installments of taxes on said premises, including interest, of $6.08 and $6.03. Upon such proof being made the appellee paid into the hands of the clerk the further sum of $10. There appears to be no dispute in the record but that the total amount paid to the clerk by the appellee equals the full amount due on the contract, including the taxes that had been paid on said premises by the appellants.

I. It is contended that the court erred in refusing to decree a forfeiture of the contract under the notice served by the appellants on December 19, 1927. It affirmatively appears that within the thirty days' time provided by the statute the appellee paid into the hands of the designated depositary not only the full amount of the defaulted payments and interest thereon, but also the full amount due upon the contract. Therefore appellants were clearly not entitled to a forfeiture of the contract at the termination of the thirty-day period after the giving of said notice. Furthermore, the appellants recognized the tender made by the appellee and acquiesced therein by tendering to appellee an attempted compliance with the contract on their part. We fail to find in the record any basis upon which the appellants are entitled to insist upon a forfeiture of the contract.

II. It is contended that the lower court erred in finding that the deposit of January 7, 1928, constituted a valid tender. There was no error of the court at this point for, as pointed out, the tender was made to the proper depositary and was a tender of the full amount due under the contract, which the appellants acquiesced in by the attempted performance of the contract on their part. The tender was made good in the petition and upon the trial, and the action was not begun until after the last installment was due under the contract.

III. It is contended that the court erred in finding that the deposits made by the appellee after the trial of the case in the lower court were sufficient in amount or made in time or constituted a sufficient tender. This complaint has reference to the payment of taxes which it appeared upon the trial had been paid by the appellants and thereupon the court permitted

the appellee to tender the amount of the taxes that had been so paid by the appellants. There was no abuse of discretion on the part of the trial court in permitting the introduction of said testimony and the making of said tender under the circumstances shown in this case. The action was in equity; the appellee in his petition sought specific performance only on condition that he make full payment of the amount due under the contract, and this he tendered.

We find no reversible error at this point.

IV. It is urged that the trial court erred in decreeing specific performance upon the pleadings and the evidence. We have examined the record with care and are satisfied therefrom that the appellee was entitled to a decree of specific performance of the contract in question. While it is true that specific performance is not always a matter of right, under the facts in this case we are faced with the simple proposition of a written contract providing for the conveyance of land by warranty deed upon the payment of certain specified amounts. Full compliance with the contract has been made or is tendered by the appellee. No good reason appears why the appellants should not perform the contract on their part and the decree of the trial court effectuates such a result and is equitable.

V. It is argued that the appellee should not be allowed to maintain this action for specific performance because of the fact that after the execution of the contract in question a suit was brought by one Bone against a relative of the defendant by the name of May, claiming an interest in the land in controversy. The appellee herein was made a defendant in said action and filed a general denial, and testified as a witness in that case. The objections that were urged to the introduction of the files in said case were well taken. There was no allegation in the defendant's answer that tendered an issue that would make the introduction of said files material in this case, and in any event we find nothing in the record showing any act on the part of the appellee in connection with said Bone case that would estop him from asserting his rights in this action.

Upon the entire record we are satisfied with the decree of the trial court and it is affirmed.

The appellants' motion to strike, which was ordered submitted with the case is overruled.—Affirmed.

EVANS, KINDIG, GRIMM, and MORLING, JJ., concur.